IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

EDUARDO LOCKLEY,               :
                               :
        Plaintiff              :   CIVIL ACTION NO. 1:10-CV-63 (WLS)
                               :
                               :
VS.                            :   PROCEEDINGS UNDER 42 U.S.C. § 1983
                               :   BEFORE THE U.S. MAGISTRATE JUDGE
                               :
BRIAN OWENS; CLAY TATUM;       :
DARRYL WARREN; CHRISTINE       :
CROSS; DAWN SCARBOROUGH;       :
J. M. DRINKWATER; JAMES SPANN; :
DEBRA EDWARDS,                 :
                               :
        Defendants             :   **ORDER AND RECOMMENDATION**

Plaintiff **EDUARDO LOCKLEY**, an inmate at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis.*

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. **Scheuer v. Rhodes**, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## *II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS*

Plaintiff makes numerous allegations in his complaint, which are summarized in the following paragraphs: Plaintiff maintains that on December 21, 2009, he attempted to mail his federal habeas corpus petition. According to plaintiff, he had to include three copies of the habeas petition in the envelope. He alleges that he requested indigent postage but his request was denied on the same date. Plaintiff states that this request for postage was denied because the envelope was "over the limit [and] need[ed] 10 stamps."

Plaintiff maintains that he attempted to mail his federal habeas corpus petition again on December 22, 2009 and this time was denied because "one large envelope does not meet guidelines for special mailing."

Plaintiff states that he spoke with defendants Tatum, Warren, Cross, and Scarborough about his request for indigent postage and showed them the indigent postage forms and his legal envelope. These defendants refused to answer his questions regarding the denial of postage for his legal mail.

Plaintiff states that on December 28, 2009, he sent a request for indigent postage to the mail room and was again denied postage for his habeas petition. Plaintiff alleges that he again spoke with defendants Tatum, Warren, and Scarborough. At this time, these defendants told him to file a grievance.

Plaintiff sent another request for indigent postage to the mail room on January 5, 2010. At

this time, Defendant Drinkwater advised him that he did not qualify for "special mailing."

Plaintiff maintains that he spoke with Defendant Spann about this situation and this defendant also "refused to provide court access."

Plaintiff filed a grievance on January 7, 2010 "against defendants Scarborough and Spann for denying access to the courts." Plaintiff filed a second grievance on a later date.

Plaintiff also notified Defendant Owens by letter that he was being denied access to the courts.

Plaintiff alleges he attempted to obtain indigent postage again on January 27, 2010 and defendant Edwards denied his request on this date.

Plaintiff alleges that defendants did not respond to his grievances and the deadline for filing his federal habeas corpus petition was February 8, 2010. Plaintiff missed this deadline because he was not allowed indigent postage.

According to plaintiff, he made at least five requests between December 21, 2009 and January 27, 2010 for the required $2.58 postage, but was repeatedly denied. Plaintiff alleges that his mailing should have qualified for "special mailing," because it "cost over the weekly five (5) stamps allowed for regular legal postage."

―――――――――――――――

To any extent that plaintiff makes a separate claim that defendants refused to answer or respond to his grievances, this particular claim must be dismissed. The Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison official's failure to process or respond to such a grievance is not actionable under 28 U.S.C. § 1983.

Accordingly, the undersigned **RECOMMENDS** that plaintiff's claim that prison officials

did not respond to his grievances be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

Prisoners do have a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). The constitutional right to access to the courts entitles indigent prisoners to some free stamps . . . but not unlimited free postage." *Hoppins v. Wallace*, 751 F.3d 1161, 1162 (11th Cir. 1985). Plaintiff does not maintain that he is entitled to unlimited postage. He maintains that he should have been given enough stamps to mail his habeas corpus petition even though the envelope required more than the five stamps allowed him during a one week period. Moreover, plaintiff has alleged actual harm resulted from his lack of postage; i.e., he missed the deadline for filing his federal habeas corpus petition.

The Court cannot, at this stage in the litigation, find that plaintiff's claim that he was denied access to the courts is completely frivolous. Therefore, this claim alone shall go forward against the named defendants.

Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendants and they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**If defendants file a Waiver of Reply in lieu of an Answer, they must file a dispositive motion within thirty (30) days of filing such Waiver.**

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one

another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible. In accordance with Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE, dispositive motions

shall be filed no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges

to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided that they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 4th day of June, 2010.

                                              //S Thomas Q. Langstaff
                                              THOMAS Q. LANGSTAFF
                                              UNITED STATES MAGISTRATE JUDGE

lnb

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL NOT BE FILED WITH THE CLERK OF COURT. NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.

DO NOT FILE ANY DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.