IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| EDUARDO LOCKLEY, | : | |
| Plaintiff, | : | |
| VS. | : | 1:10-CV-63 (WLS) |
| BRIAN OWENS, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on May 5, 2010 (Doc. 1). Presently pending in this action are Plaintiff's Motion for Default Judgment, and Defendants' Motion to Dismiss and Motion to Stay discovery (Docs. 16, 28, 29).

**Factual Background**

Plaintiff's Complaint alleges that Defendants denied Plaintiff his First Amendment right of access to the courts. Plaintiff asserts that on December 21, 2009, he attempted to mail his federal habeas corpus petition, which had a deadline of February 8, 2010, but was denied indigent postage (Doc. 1). He alleges that he attempted to obtain indigent postage to mail his petition on five (5) occasions, yet each time he was denied. Plaintiff further alleges that the Defendants' failure to grant Plaintiff indigent postage caused him to miss his petition deadline, denying him access to the courts (*Id.*). On June 4, 2010, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") (Doc. 4).

*Default Judgment (Doc. 16)*

Plaintiff filed a Motion for Default Judgment on July 30, 2010, seeking a default judgment based on Defendants' failure to "answer or respond to the complaint within 20 days of being

served" (Doc. 16). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The entry of default or default judgment is not appropriate in this case. Defendants were sent waiver of service forms on June 8, 2010 (Docs. 20-27). Defendants returned the waiver of service forms with a signed date of July 8, 2010. Since the Defendants timely returned the signed waivers of service, they had sixty (60) days from the date the waiver of service forms were mailed to file an answer to the Complaint. Fed. R. Civ. P. 4(d)(3).

Defendants' answered the Complaint with a Waiver of Reply on August 9, 2010 (Doc. 17). This was sixty-two (62) days after the mailing of the waiver form, yet under Federal Rule of Civil Procedure 6(a)(1), if the last day of the period is on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." As August 7, 2010 was a Saturday, Defendants had until the end of the day on August 9, 2010 to file a response. Defendants timely filed their response and, therefore, did not fail to plead or defend this action. Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Dismiss (Doc. 28)*

The Defendants filed this Motion to Dismiss claiming, among other things, that Plaintiff's Complaint should be dismissed under the Prison Litigation Reform Act's "three strikes" provision

2

(Doc. 28). A prisoner may be ineligible to proceed IFP if he has filed three or more previous actions or appeals that were dismissed based on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g). The Eleventh Circuit has determined that dismissals without prejudice for failure to exhaust administrative remedies and dismissals for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998); *Allen v. Clark*, 266 Fed. Appx. 815, 817 (11th Cir. 2008); *Sallen v. Valdosta State Prison*, 2008 WL 345614 (M.D. Ga. Feb. 6, 2008). However, a prisoner may proceed IFP, regardless of the number of strikes, if he asserts he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Defendants assert that Plaintiff incurred three strikes prior to the filing of this action, and cannot proceed IFP[1] (Doc. 30). In Plaintiff's Response to Defendants' Motion to Dismiss, he does not dispute that he has two strikes against him for the filing of frivolous lawsuits, but argues that *Eduardo Lockely v. Ira Kelso et al.*, Civil Action No. 1-95-CV-132, does not qualify as a strike because it was dismissed without prejudice for failure to prosecute (Doc. 33).

The Plaintiff cites to a Fifth Circuit case, *Torns v. Mississippi Dept. of Corrections*, 317 Fed. Appx. 403 (5th Cir. 2009), that includes one sentence stating that failure to prosecute does not amount to a strike under section 1915(g) (Doc. 33). However, the Eleventh Circuit has ruled that a case dismissed based on a failure to prosecute can constitute a strike. *Allen*, 266 Fed. Appx. at 817 (holding a dismissal for failure to prosecute counted as a strike where plaintiff's

---

[1] Defendants assert the following three cases are "strikes" under section 1915(g): *Eduardo Lockley v. Ira Kelso, et al.*, Civil Action No. 1-95-CV-132 (M.D. Ga) (dismissed for failure to prosecute), *Eduardo Lockley v. The Cedartown Police Department, et al.*, Civil Action No. 5:97-CV- 37 (M.D. Ga) (appeal dismissed as frivolous), and *Eduardo Lockley v. The State Board of Pardons and Paroles, et al.*, Civil Action No. 1:95-CV-106-3 (M.D. Ga) (dismissed pursuant to section 1915(d)).

response to the court order to amend his complaint was frivolous).

"[D]ismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). The Eleventh Circuit has held, "a dismissal based on a petitioner's abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious[.]" *Allen*, 266 Fed. Appx. at 817. A claim is frivolous when it lacks an arguable basis in law or fact, which occurs when there are factual or legal inadequacies. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990).

In evaluating whether Plaintiff has three strikes, the Court may properly take judicial notice of pleadings and orders in a previous case when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010); Fed. R. Evid. 201(b); *see also U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The pleadings and orders in *Eduardo Lockley v. Ira Kelso, et al.* are public court records that are not subject to dispute. Therefore, the Court takes judicial notice of the orders resulting in the dismissal of *Eduardo Lockley v. Ira Kelso, et al.*

In *Lockley v. Kelso, et al.*, Plaintiff alleged that he was subjected to high levels of Environmental Tobacco Smoke, and that the Defendants instigated gang activity and were involved in racketeering. Yet, Plaintiff failed to provide any plausible factual or legal arguments to support his allegations. Plaintiff failed to allege specific actions supported by factual or legal bases, and failed to allege how he was injured by the actions of the Defendants (Doc. 28-2).

The Plaintiff was ordered to file a supplemental complaint so the court could gain

information that was necessary to evaluate the claims and allegations (*Id.*). Plaintiff failed to file any additional documents and the action was dismissed for failure to prosecute. The dismissal by the court did not need to specifically state that the claim was frivolous or malicious for it to properly count as a strike. *Allen*, 266 Fed. Appx. at 817. Plaintiff's dismissal for failure to prosecute constitutes a frivolous action under section 1915(g) because he failed to provide the court with enough legal and factual information for the court to determine if there was any plausible claim. Further, Plaintiff failed to supplement the complaint per the court order, resulting in an abuse of the judicial process. *See Allen*, 266 Fed. Appx. at 817; *Breland v. Owens*, 2010 WL 170461, 1 n. 1 (S.D. Ga. Jan 13, 2010) ("failure to obey a court order, much like a failure to prosecute an action[,] . . . is precisely the type of abuse the 'three strikes' bar was created to remedy"). Thus, *Eduardo Lockley v. Ira Kelso, et al.* is a strike under section 1915(g) and, as such, Plaintiff has reached his "three strikes" limit.

Plaintiff may overcome his three strikes if the Complaint asserts that Plaintiff is "under imminent danger of serious physical injury" at the time the action was filed. 28 U.S.C. § 1915(g); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff does not assert that he is currently in imminent danger; rather, Plaintiff alleges that he was denied access to the courts. As Plaintiff has reached his three strikes limitation and does not qualify under the imminent danger exception, Plaintiff cannot proceed with this action IFP.

After a prisoner has filed his third meritless suit, he may still proceed with his claim, but must pay the full filing fee at the initiation of the suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The claim should be dismissed without prejudice so that the Plaintiff can re-file, paying filing fees at the outset of the lawsuit. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Accordingly, it is the recommendation of the undersigned that Defendants'

Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Stay (Doc. 29)*

Defendants filed this Motion to Stay discovery pending the decision of their Motion to Dismiss. As the Motion to Dismiss has been examined by this Court and a decision granting it has been recommended to the district judge, the Motion to Stay discovery is **DENIED** as moot. A Motion to Re-open Discovery will be entertained should this Recommendation not be adopted.

**SO ORDERED and RECOMMENDED**, this 23rd day of February, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf